IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

MICHAEL A. LEWIS, JR.,            )
    Plaintiff,                )         Case No. 7:22-cv-00276
v.                                )
                                  )
DINERO CARROLL,                   )         By: Michael F. Urbanski
    Defendant.                )         Chief United States District Judge

## MEMORANDUM OPINION

Michael A. Lewis, Jr., a Virginia inmate proceeding pro se, filed this civil action against Dinero Carroll by filing a form complaint for use by inmates seeking to assert claims under 42 U.S.C. § 1983 or Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). For the following reasons, the action is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

## I.      BACKGROUND

Lewis is currently incarcerated at the Northwestern Regional Jail in Winchester, Virginia. Lewis claims that an unidentified amount of money was taken from him while he was staying at Carroll's parents' house. See Compl., ECF No. 1, at 2. He filed this action seeking to recover the money. Id. He also asks that the court impose "jail time." Id.

## II.     DISCUSSION

The court has an independent obligation to ensure that it has subject matter jurisdiction over a civil action. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). "[T]he facts providing the court jurisdiction must be affirmatively alleged in the complaint." Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999). If the court determines "at any time" that it lacks subject matter jurisdiction, "the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"Accordingly, questions of subject-matter jurisdiction may be raised at any point during the proceedings and may (or, more precisely, must) be raised <u>sua</u> <u>sponte</u> by the court." <u>Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.</u>, 369 F.3d 385, 390 (4th Cir. 2004) (en banc).

Federal district courts are "courts of limited jurisdiction." <u>Badgerow v. Walters</u>, 142 S. Ct. 1310, 1315 (2022). "They possess only that power authorized by Constitution and statute." <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994). Congress has granted federal district courts jurisdiction over two primary types of civil cases. <u>Badgerow</u>, 142 S. Ct. at 1315–16. They "have power to decide diversity cases—suits between citizens of different States as to any matter valued at more than $75,000." <u>Id.</u> at 1316 (citing 28 U.S.C. § 1332(a)). "And they have power to decide federal-question cases—suits 'arising under' federal law." <u>Id.</u> (quoting 28 U.S.C. § 1331).

The allegations in Lewis's complaint do not provide a basis for the exercise of jurisdiction under either statute. He does not allege any violation of federal law that might support the exercise of jurisdiction under § 1331, and the court is unable to discern any possible federal cause of action based on the allegations in the complaint. <u>See</u> 28 U.S.C. § 1331 (granting jurisdiction over claims "arising under the Constitution, laws or treaties of the United States"). Although Lewis used the form complaint provided to inmates who wish to file a federal civil rights action, his allegations do not state a "colorable" claim under § 1983 or <u>Bivens</u>. <u>See</u> <u>Arbaugh</u>, 546 U.S. at 513 n.10 ("A claim invoking federal-question jurisdiction under 28 U.S.C. § 1331 . . . may be dismissed for want of subject-matter jurisdiction if it is not colorable, <u>i.e.</u>, if it is immaterial and made solely for the purpose of obtaining jurisdiction or is wholly insubstantial and frivolous.") (internal quotation marks and citation omitted); <u>see also</u>

Conn v. Gabbert, 526 U.S. 286, 290 (1999) ("Section 1983 provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."); Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'") (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)); Moffett v. Computer Scis. Corp., 457 F. Supp. 2d 571, 579 (D. Md. 2006) ("'A Bivens action is a judicially created damages remedy designed to vindicate violations of constitutional rights,' by a federal official.") (quoting Zimbelman v. Savage, 228 F.3d 367, 370 (4th Cir. 2000)).

Additionally, Lewis's complaint does not invoke the court's diversity jurisdiction under § 1332, since it does not indicate that he and Carroll are citizens of different states or that the amount in controversy is greater than $75,000. See 28 U.S.C. § 1332(a) (providing for diversity jurisdiction in actions between "citizens of different States" where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs"); see also Hammes v. AAMCO Transmissions, Inc., 33 F.3d 774, 778 (7th Cir. 1994) ("In a diversity case, . . . the complaint must allege the citizenship of the parties and the amount in controversy.").

### III.   CONCLUSION

For the reasons stated, the court concludes that the complaint does not satisfy the requirements of subject matter jurisdiction.* Consequently, the court **DISMISSES** the action without prejudice under Rule 12(h)(3). An appropriate order will be entered herewith.

---

* If Lewis wishes to pursue a state tort claim against Carroll, he must file suit in the appropriate state court. Lewis is advised, however, that "imprisonment is not a remedy that [he] can obtain on [his] own in a civil lawsuit, be it state or federal." Wenfang v. Soehner, No. 3:15-cv-00385, 2015 U.S. Dist. LEXIS 88359, at *1 (W.D. Wis. July 8, 2015).

Entered: June 3, 2022

Digitally signed by Michael F.
Urbanski       Chief U.S.
District Judge
Date: 2022.06.03 12:51:39
-04'00'

Michael F. Urbanski
Chief United States District Judge